IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TAPATIO FOODS, LLC<br><br>PLAINTIFF,<br><br>V.<br><br>RAYMOND ALFRED CASTANEDA, JR<br>AND KATELYN MARIE DOYLE,<br><br>DEFENDANTS. | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGMENT, FEDERAL UNFAIR COMPETITION, UNFAIR COMPETITION UNDER MISSOURI COMMON LAW, AND DILUTION

Plaintiff Tapatio Foods, LLC ("Tapatio" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Defendants Raymond Alfred Castaneda Jr. ("Castaneda") and Katelyn Marie Doyle ("Doyle," collectively, "Defendants") as set forth below.

## THE PARTIES

1. Plaintiff Tapatio Foods, LLC ("Tapatio") is a limited liability company organized under the laws of California with its principal place of business at 4685 District Blvd., Vernon, California 90058.

2. On information and belief, Castaneda is an individual and resident of

Missouri with his primary residence in in Kansas City, Missouri.

3. On information and belief, Doyle is an individual and a resident of Missouri with her primary residence in Liberty, Missouri.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., unfair competition and dilution under the Lanham Act, 15 U.S.C. § 1125 et seq., and Missouri state common law unfair competition.

5. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy, and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over Tapatio's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as Defendants are residents of this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the Western District of Missouri is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

### Tapatio's Ownership and Use of the TAPATIO Marks

7. Tapatio is the owner of United States Trademark Registration No. 1,228,964 (the "'964 Registration") for TAPATIO in International Class 030 for meatless hot sauce. This registration has a registration date of March 1, 1983, and a first use in commerce of November 10, 1977. The mark is now incontestable. Attached as Exhibit A is a copy of the '964 Registration.

8. Tapatio is the owner of United States Trademark Registration No. 4,997,043 (the "'043 Registration") for TAPATIO in International Class 030 for seasonings. This registration has a registration date of July 12, 2016 and a first use in commerce of June 2015. Attached as Exhibit B is a copy of the '043 Registration.

9. Tapatio is the owner of United States Trademark Registration No. 3,837,981 (the "'981 Registration") for TAPATIO SALSA PICANTE and Design in International Class 030 for meatless hot sauce. This registration has a registration date of August 24, 2010, and a first use in commerce of February 25, 1997. The mark is now incontestable. Attached as Exhibit C is a copy of the '981 Registration.

10. Tapatio is the owner of United States Trademark Registration No. 7,163,941 (the "'941 Registration") for TAPATIO SALSA PICANTE and Design in International Class 030 for tortilla chips. This registration has a

registration date of September 12, 2023, and a first use in commerce of October 1, 2010. Attached as Exhibit D is a copy of the '941 Registration.

11. Tapatio is the owner of United States Trademark Registration No. 7,121,892 (the "'892 Registration") for TAPATIO SALSA PICANTE and Design for cell phone accessories, namely hand grips adapted for cell phones to assist with hand gripping in International Class 009, and for lanyards for holding keys in International Class 014, and for pet clothing in International Class 018, and for manually actuated condiment pump dispensers, not of metal in International Class 020, and for insulated beverage containers, bottle openers, travel drinking cups sold with lid and straw therefor, travel tumblers for use as drinking glasses, travel coffee cups, shot glasses in International Class 021 ,and for men's underwear, women's V-neck shirts, women's jerseys being clothing, in International Class 025, and for plus toys in International Class 028, and for ramen in International Class 30. This registration has a registration date of July 25, 2023, and a first use in commerce of December 14, 2012, for some of the goods. Attached as Exhibit E is a copy of the '892 Registration.

12. Tapatio is the owner of United States Trademark Registration No. 6,797,608 (the "'608 Registration") for TAPATIO SALSA PICANTE and Design in International Class 029 for spice peanuts, spicy nuts, namely, mixed nuts, and beef jerky. This registration has a registration date of July 19, 2022, and a first

4

use in commerce of August 30, 2018. Attached as Exhibit F is a copy of the '608 Registration.

13. Tapatio is the owner of United States Trademark Registration No. 6,847,131 (the "131 Registration") for TAPATIO SALSA PICANTE and Design in International Class 029 for potato chips. This registration has a registration date of September 13, 2022, and a first use in commerce of January 11, 2022. Attached as Exhibit G is a copy of the '131 Registration.

14. Tapatio is the owner of United States Trademark Registration No. 4,545,088 (the "088 Registration") for TAPATIO SALSA PICANTE and Design for mouse pads in International Class 009, and for non-metal and non-leather key chains in International Class 20, and for cups in International Class 21 and for apparel, namely, t-shirts, hats, caps, visors, aprons, socks, hooded sweatshirts, in International Class 025, and for golf balls in International Class 028. This registration has a registration date of June 3, 2014, and a first use in commerce for at least some of the identified goods at least as early as December 31, 1987. Attached as Exhibit H is a copy of the '088 Registration.

15. The '981, '941, '892, '608, '088 and '131 Registrations claim the TAPATIO SALSA PICANTE and Design Mark as follows:



16. The TAPATIO SALSA PICANTE and Design Mark consists of the word TAPATIO in a red font above a picture of a Charro (a traditional Mexican Cowboy) who is wearing a sombrero, red tie and gold jacket. The Charro is positioned over a red furled banner.

17. The '964, '043, '981, '941, '892, '608, '088 and '131 Registrations are valid, subsisting, and owned by Tapatio.

18. The subject marks of the '964, '043, '981, '941, '892, '608, '088 and '131 Registrations are referred to herein as the TAPATIO Marks

19. The TAPATIO Marks are the subject of extensive advertising by Tapatio, including but not limited to use of the marks on billboards, in magazines, in stadiums, on the internet and social media, in commercials, and in tradeshows.

20. Products bearing the TAPATIO Marks are available for sale in grocery stores and specialty goods retailers nationwide, and are featured as the hot sauce of choice for a number of restaurants.

21. The TAPATIO Marks are strong marks that, through Tapatio's continuous use of the marks on high quality meatless hot sauce and other goods, have come to acquire significant secondary meaning and goodwill in the mind of the consuming public who associate the TAPATIO Marks with Tapatio.

22. The TAPATIO Marks are "famous" marks within the meaning of the term as defined in the Federal Trademark Dilution Act 15 U.S.C. § 1125(c)(2)(A).

23. Given the variety of goods and services that Tapatio offers connection with TAPATIO wordmark, it has a family of marks in association with that wordmark, this family of marks has the word TAPATIO as the common characteristic spanning numerous goods and services. The same is true for the distinctive Charro that forms the primary component of the TAPATIO SALSA PICANTE and Design Mark.

24. The above identified components of Tapatio's family of trademarks are recongizable common characteristics that are distinctive and are used by the public to indicate that Tapatio is the common origin of the goods or services affixed with those marks.

25. The public recognition of Tapatio's family of marks began before the acts of infringement identified in this Complaint began.

26. In addition to its own direct use of the TAPATIO Marks, Tapatio has begun partnering with third party companies to incorporate TAPATIO flavors on

7

Case 4:24-cv-00018-FJG   Document 1   Filed 01/09/24   Page 7 of 19

their products. For example, Tapatio has partnered with both Doritos to offer chips featuring its iconic flavors and the TAPATIO Marks.



**TAPATIO Branded and Flavored Doritos**

27. So too does Tapatio partner with El Sabroso to make hot fries featuring the TAPATIO Marks and flavors.



**TAPATIO Hot Fries**

28. On information and belief, collaborations between companies to create a joint product is becoming increasingly popular in the consumable markets, especially for companies who produce flavors that can be added to products to enhance their taste.

### Defendants' Infringing TAPATIO MELTS Marks

29. In Approximately December 2022, Defendants began to manufacture, sell, offer for sale, THC rosins under a variety of marks that are confusingly similar to the TAPATIO Marks as depicted below:

 

Original TAPATIO MELTS and Design Mark      Revised TAPATIO MELTS and Design Mark

30. On information and belief, a rosin is a wax like substance containing a concentrated amount of THC derived from the Cannabis sativa or indica plant (aka marijuana) made through a pressing process of Cannabis flowers.

31. On information and belief, the TAPATIO MELTS and Design Mark along with several variations (collectively, the "Infringing Marks") are advertised to the same class of consumers as goods sold by Tapatio under the TAPATIO Marks.

32. On information and belief, the Infringing Marks are advertised in the same marketing channels as goods sold by Tapatio under the TAPATIO Marks, including but not limited to social media platforms such as Instagram.

33. On information and belief, the Infringing Marks are used on products

that are inexpensive.

34. The word TAPATIO appears on Defendants' products in a red arching font in a confusingly similar manner to Tapatio's use of TAPATIO.

35. On information and belief, many of the Infringing Marks that Defendants use in connection with the sale, advertising, offer for sale, manufacturing and distribution rosin also include a Charro positioned over a red furled banner.

36. On information and belief, the word TAPATIO appears in the Infringing Marks, and has the same color, spelling, and meaning as the TAPATIO Marks.

37. The use of the Infringing Marks by Defendants is likely to cause confusion as to the source, origin, sponsorship, and/or affiliation of Defendants' goods, on the one hand, and Tapatio's goods on the other hand.

38. Defendants' infringement of the TAPATIO wordmark is willful given its use as part of an obvious mark that was intended to reference Tapatio's TAPATIO wordmark and TAPATIO SALSA PICANTE and Design Mark.

39. Defendants' infringement of the TAPATIO SALSA PICANTE and Design Mark is willful, particularly given the fact that it features an identical Charro over a red furled banner with the word TAPATIO on top. This was not an accidental use of a "close" mark, but was intentionally meant to invoke Tapatio and freeride on the goodwill associated with its marks.

40. The fact that Tapatio uses its TAPATIO Marks in connection with so many different types of goods, along with the fact that it has a history of collaboration with third party companies to expand its product base, only increases the chance that relevant consumers will view Defendants' products and believe that they are authorized, sponsored, affiliated, or otherwise associated with Tapatio.

**Defendants' Tarnishment of the TAPATIO Marks**

41. As is as is discussed above, on information and belief, a rosin is a wax like substance containing a concentrated amount of THC derived from the Cannabis sativa or indica plant (aka marijuana) made through a pressing process of Cannabis flowers. It contains THC.

 

**Original TAPATIO MELTS and Design Mark**    **Revised TAPATIO MELTS and Design Mark**

42. On information and belief, marijuana is a Schedule 1 drug under U.S. Federal Law.

43. On information and belief, other Schedule 1 drugs include, but are not limited to heroin, ecstasy, and LSD.

44. On information and belief, the sale, distribution, advertising for sale, and consumption of rosin is illegal under U.S. Federal Law.

45. By using a mark that evokes the TAPATIO Marks in connection with the sale of products that illegally contain extracts of a Schedule 1 controlled substance, Defendants have tarnished the reputation of the TAPATIO Marks.

## COUNT I

**(Trademark Infringement of a Registered Trademark**

**Under the Lanham Act 15 U.S.C. § 1114 – Against All Defendants)**

46. Tapatio repeats and realleges the allegations of paragraphs 1 through 45 of the Complaint as if fully set forth here.

47. The above-cited acts by Defendants constitute infringement of a registered trademark in violation of 15 U.S.C. § 1114.

48. Tapatio has been damaged by Defendants' trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship, or approval of products offered under the TAPATIO Marks and Defendants' Infringing

Marks.

49. By reason of Defendants' actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

50. On information and belief, Defendants' acts of trademark infringement have been willful and taken without regard to the established rights of Tapatio.

## COUNT II

**(Unfair Competition Under the Lanham Act 15 U.S.C. § 1125 –**

**Against All Defendants)**

51. Tapatio repeats and realleges the allegations of paragraphs 1 through 50 of the Complaint as if fully set forth here.

52. The above-cited acts by Defendants constitute unfair competition in violation of 15 U.S.C. § 1125.

53. Tapatio has been damaged by Defendants' unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship, or approval of Defendants' products that bear the Infringing Marks.

54. By reason of Defendants' actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

55. On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Tapatio.

# COUNT III

## (Unfair Competition Under Missouri Common Law. –

## Against All Defendants)

56. Tapatio repeats and realleges the allegations of paragraphs 1 through 55 of the Complaint as if fully set forth here.

57. The above-cited acts by Defendants constitute unfair in violation of the Missouri common law.

58. Tapatio has been damaged by Defendants' unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and vendors are likely to be confused as to the source or affiliation, sponsorship or approval of Defendants' products that bear the Infringing Marks.

59. By reason of Defendants' actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

60. On information and belief, Defendants' acts of unfair competition have been willful and taken without regard to the established rights of Tapatio.

## COUNT IV

## (Dilution by Tarnishment Under The Lanham Act

## 15 U.S.C. § 1125(c)(2)(C) – Against All Defendants)

61. Tapatio repeats and realleges the allegations of paragraphs 1 through 60 of the Complaint as if fully set forth here.

62. The above-cited acts by Defendants constitute dilution by tarnishment in violation of the Lanham Act, 15 U.S.C. § 1125(c)(2)(C).

63. Tapatio has been damaged by Defendants' dilution by tarnishment by reason that the similarity between the TAPATIO Marks and the Infringing Marks harms the reputation of the TAPATIO Marks by virtue of the association of the Infringing Marks with marijuana which is a Schedule 1 controlled substance and is illegal to sell or use under federal law.

64. By reason of Defendants' actions alleged herein, Tapatio has suffered and continues to suffer irreparable injury to its goodwill.

65. On information and belief, Defendants' acts of dilution by tarnishment have been willful and taken without regard to the established rights of Tapatio.

66. On information and belief, Defendants' acts have been willful and were done with the intention to tarnish the reputation of the TAPATIO Marks.

# PRAYER FOR RELIEF

WHEREFORE, Tapatio prays for:

1. A permanent injunction restraining Defendants, any companies or business that they own, their officers, directors, agents, employees, representatives and all persons acting in concert with Defendants, from engaging in any further trademark infringement, unfair competition and dilution;

2. A monetary award for corrective advertising in an amount to rectify all the harm and damages to Tapatio, including, but not limited to, the confusion caused by willful actions of Defendants, including Defendants' willful trademark infringement of the TAPATIO Marks;

3. Disgorgement of any profits Defendants enjoyed as a result of the infringement of the TAPATIO Marks;

4. All damages sustained by Tapatio as a result of Defendants' infringement and unlawful actions;

5. Treble damages under the Lanham Act as a result of Defendants' willful trademark infringement and/or dilution by tarnishment;

6. Recovery of any gains, profits and advantages Defendants have obtained as a result of their unlawful actions;

7. An award to Tapatio of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority; and

8. Such other and further relief as the Court deems proper.

January 9, 2024

Respectfully Submitted,

s/ Scott Brown
Scott R. Brown, Missouri Bar No. 51733
sbrown@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050  Fax: (913) 647-9057

DREW WILSON (*pro hac vice* to be filed)
dwilson@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 N. Central Avenue, Suite 2300
Glendale, CA 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Tapatio demands a jury trial on all issues for which a jury trial is permitted.

Dated: January 9, 2024     Respectfully submitted,

By  s/Scott Brown
Scott Brown
Attorney for Plaintiff
TAPATIO FOODS, LLC